IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

AMANDA RAINEY                                                                                        PLAINTIFF

vs.                                                                           CIVIL ACTION NO. 2:09CV240-KS-MTP

USA INSURANCE COMPANY                                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion for Sanctions for Spoliation [Doc. # 22] (August 16, 2010), filed on behalf of USA Insurance Company. The Court, having reviewed the motion, the responses, the pleadings and exhibits on file and being otherwise fully advised in the premises, finds that the motion should be **denied**.

USA Insurance claims that following her termination but before returning her company-issued computer, Rainey copied off information relevant and helpful to her present case alleging failure to pay overtime, and deleted information necessary for USA Insurance to verify the actual hours she was working. Because of her bad faith deletion of relevant evidence, USA Insurance seeks sanctions including dismissal of her case with prejudice or an adverse inference instruction and additional sanctions in the form of appropriate attorneys' fees and costs.

Spoliation is defined as "the intentional destruction, mutilation, alteration, or concealment of evidence." BLACK'S LAW DICTIONARY 1409 (7th ed. 1999). An adverse inference instruction is only available when a party has intentionally, fraudulently, or in bad faith, discarded evidence. *Caparotta v. Entergy Corp.*, 168 F. 3d 754, 756 (5th Cir. 1999); *Vick v. Texas Employment Comm.*, 514 F. 2d 734, 737 (5th Cir. 1975); *see also Stahl v. Wal-Mart Stores, Inc.*, 47 F. Supp.

1

783, 785-86 (S.D. Miss. 1998).  USA Insurance cites a Second Circuit case that sets out three requirements to prove spoliation:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir. 2002) (citing *Byrnie v. Town of Cromwell*, 243 F.3d 93, 107-12 (2d Cir. 2001).  The Court may issue other sanctions including dismissal or preclusion of certain evidence.  *See* FED. R. CIV. P. 37(b).

Here, USA has not sufficiently demonstrated that the information contained on Rainey's computer is relevant or that it is not available on the company's server or in databases they maintain.  USA vaguely refers to notes Rainey would have made in a "notepad" but it is unclear if this notepad existed on her computer or if the information was stored on the company's server.  Likewise, information entered into the company's "system" would not have been deleted by Rainey deleting files from her computer.  Finally, the company had a same-time messaging system where employees could see if others were "logged in" on their computers.  However, USA Insurance has failed to explain what Rainey could delete from her computer that would have any effect on the history of her logging in to USA Insurance's system from a remote location.  Rainey, in contrast, alleges that she only deleted the icon that allowed access to her personal Comcast email address, some personal pictures, and some word templates that were provided to her by her manager, Bertucci, and that should still be available from other employees.  As USA has failed to show that Rainey's actions made relevant evidence unavailable, the Court denies the motion for sanctions at this time.  However, the Court will

allow the defendant to re-urge their objections at trial so that the Court may rule with the benefit of the appropriate context.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Sanctions for Spoliation [Doc. #22] filed on behalf of Defendant, is hereby **denied.**

SO ORDERED AND ADJUDGED this the 27th day of September, 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE